# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-01103-LJO-JLT (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, MALICIOUSNESS, AND ABUSE OF JUDICIAL PROCESS<br><br>(Doc. 1) |

　　　　Young Yil Jo, is a federal detainee and is currently being held in the Etowah County Detention Center in Gadsden, Alabama.  On July 14, 2014, Mr. Jo filed what purports to be a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Mr. Jo is well known to this Court.  He has been filing lawsuits in this Court since at least as early as 1997.[1,2]  These filings began shortly after this Court sentenced him in a criminal proceeding.  For years thereafter, Mr. Jo has persisted in attempting to file civil actions in this Court, despite being housed elsewhere, outside of this District.  Nevertheless, as of December 16, 2013, Mr. Jo has filed 290 lawsuits in this Court -- 90 of which he filed in 2013.

　　　　While Mr. Jo filed the complaint in this action listing himself as the plaintiff, it is nothing more than a copy of a typewritten document that Mr. Jo attempted to file on behalf of others in a number of actions in 2013.[3]  As in his previous filings, Mr. Jo's filing in this action is rambling,

---

[1] *See* 1:97-cv-05879; 1:97-cv-05912
[2] The Court takes judicial notice of its docket reflecting all actions filed by Young Yil Jo.

[3] *See* 1:13-cv-1729; 1:13-cv-1730; 1:13-cv-1763 through 1:13-cv-1768; 1:13-cv-1830 through 1:13-cv-1846; 1:13-cv-1908 through 1:13-cv-1910; 1:13-cv-1927; 1:13-cv-1928; 1:13-cv-1946 through 1:13-cv-1950; 1:13-cv-1952 through 1:13-cv-1959; 1:13-cv-1961; 1:13-cv-1962; 1:13-cv-1964; 1:13-cv-1965; and 1:13-cv-1967 through 1:13-cv-1969.

incoherent, and fails to state any cognizable claims under federal law.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).

The test for maliciousness is a subjective one and requires the Court to "determine the . . . good faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see also Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  In determining a litigant's good faith, a court may consider not only the printed words of the complaint, but also the circumstances and history of the filing, the tone of the allegations, and the presence or absence of probative facts.  *Spencer v. Rhodes*, 656 F.Supp. 458, 463-64 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir.1987).  Mr. Jo's lack of good faith in this action is evidenced by his filing of a duplicate of a document that has previously, repeatedly been found nonsensical and rambling and dismissed for failing to state any cognizable claim.

A court has the inherent power to dismiss any case demonstrating a "clear pattern of abuse of judicial process."  *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir.1986), *see also Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D.Ind.1983) ("A complaint plainly abusive of the judicial process is properly typed 'malicious' within the context of Section 1915[(e)], which authorizes dismissal of the same."); *Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir.1986).  Mr. Jo's filing practices establish a clear pattern of abuse of judicial process.

Given Mr. Jo's abusive filing practices in this district and the utterly incoherent pleading before the Court, leave to amend is not warranted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Pursuant to 28 U.S.C. § 1915A, this action is HEREBY DISMISSED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   **July 16, 2014**                    **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE